UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ervan Harvey, Jr., <br> *aka Ervan M Harvey Jr.,* <br> *aka Ervan Matthew Harvey Jr.* <br> <br>                    Plaintiff, <br> <br> vs. <br> <br> Mr. John LaManna, Warden of FCI Edgefield; <br> Ms. FNU Chestnut, Unit A-4 Secretary; <br> Mr. FNU Mahomes, Unit A-4 Manager, <br> <br>                    Defendants. | C/A No. 0:07-1786-MBS-BM <br> <br> <br> <br> <br> <br> <br> <br> **Report and Recommendation** |

The Plaintiff, Ervan Harvey, Jr. (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at FCI-Williamsburg, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants two prison employees and the Warden.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead,* 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke,* 574 F.2d 1147 (4th Cir. 1978). Even under this less stringent standard, however, the *pro*



*se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff claims that Defendant Chestnut gave Plaintiff's legal mail, which discussed Plaintiff being called as a government witness in a murder case, to another inmate. Plaintiff states Defendant Chestnut's actions, which appear from the Complaint to have been inadvertent, placed his life in danger. Plaintiff further states Defendant Mahomes violated his rights by refusing to return to Plaintiff a legal letter. Plaintiff states Defendant Mahomes copied the document, then stated the letter had to be retained for "investigation purposes." Plaintiff indicates Defendant LaManna is named "because he is the Warden, not because he participated in this wrongdoing." Plaintiff seeks monetary damages, reduction of his sentence[1], and placement in a "camp where there is less threat."

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at*

---

[1] Federal prisoners challenging their conviction or sentence ordinarily proceed under 28 U.S.C. §§ 2255 or 2241. To the extent Plaintiff seeks to challenge his sentence, he must file a Petition for a Writ of Habeas Corpus.

2



*Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

While Plaintiff claims that the Defendants in the present case were state actors, as explained below, Plaintiff has nevertheless failed to present a cognizable constitutional claim. In regards to Defendant Chestnut, Plaintiff states that she endangered Plaintiff's safety by failing to follow the mail protocol. The Eighth Amendment protects inmates from physical harm at the hands of fellow inmates resulting from "the deliberate or callous indifference of prison officials to specific known risks of such harm." *Pressly v. Hutto,* 816 F.2d 977, 979 (4th Cir. 1987); *see Moore v. Winebrenner,* 927 F.2d 1312, 1315 (4th Cir. 1991). The United States Supreme Court and this judicial circuit have rejected a negligence standard in determining deliberate indifference. *E.g., Whitley v. Albers,* 475 U.S. 312, 319 (1986); *Moore,* 927 F.2d at 1315-17. Thus, merely negligent behavior on the part of a prison official, in failing to protect a prisoner from a risk of harm, does not present a Constitutional violation.[2] *See Whitley v. Albers,* 475 U.S. at 319 ("obduracy and wantonness, not inadvertence... characterize the conduct prohibited by [the eighth amendment]"); *Davidson v. Cannon,* 474 U.S. 344 (1986)(negligent failure to protect an inmate does not "deprive" him of liberty or violate the fourteenth amendment).

---

[2] A civil action for negligence would be cognizable in this court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992). However, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). As Plaintiff and all Defendants are residents of South Carolina, he cannot bring this claim under § 1132.



Plaintiff does not allege that Defendant Chestnut's actions were deliberate or callous, and in fact alleges that Chestnut, upon learning of her mistake, stated that she would take "full responsibility" for any damages caused by Plaintiff's legal mail being given to another inmate. Hence, under the allegations of the Complaint, Chestnut's actions were unintentional and constitute negligent behavior, which is not actionable in a § 1983 deliberate indifference claim. Therefore, the Defendant Chestnut is entitled to dismissal as a party Defendant. *Cf.* Abdullah v. O'Brien, No. 07-40, 2007 WL 1472785, *5 (W.D.Va. May 21, 2007).

Defendant Mahomes is alleged to have confiscated Plaintiff's property and then refused to return it.[3] The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, even an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984). In South Carolina, prisoners may bring an

---

[3] While the property which was allegedly taken from Plaintiff consisted of a legal document, Plaintiff does not allege that the Defendants interfered with his access to the courts (or his attorney), nor does he make allegations concerning any failure by the Defendants to deliver and/or mail any legal documents. Therefore, no "access to court" claim is stated in the pleadings.

4



action for recovery of personal property against officials who improperly deprive them of property. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).  As Plaintiff has a remedy for his alleged loss, Defendant Mahomes is entitled to dismissal of Plaintiff's § 1983 claim. *Cf.* Cunningham v. Blades, No. 05-515, 2006 WL 292087, *2 (D.Idaho Feb. 7, 2006); Carr v. Tousley, No. 06-125, 2006 WL 1388456, * 4 (D.Idaho May 15, 2006).

Finally, Plaintiff names Defendant LaManna in his supervisory capacity. While supervisory officials may be held liable, in certain circumstances, for constitutional injuries inflicted by their subordinates; *Shaw v. Stroud*, 13 F.3d 701, 798 (4th Cir. 1994); certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). As Plaintiff's Complaint contains no facts regarding Defendant LaManna which would satisfy the above criteria, the Complaint against him should be dismissed.  Plaintiff has, therefore, failed to present a cognizable claim to this Court and the action is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Todd v. Baskerville* 712 F.2d



at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25.

    Plaintiff's attention is directed to the important notice on the next page.

                                                  Respectfully Submitted,

August 16, 2007                                     Bristow Marchant
Columbia, South Carolina                     United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

