IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ervan Harvey, Jr., aka Ervan M. Harvey, Jr., aka Ervan Matthew Harvey, Jr., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Mr. John LaManna, Warden of FCI Edgefield; Ms. FNU Chestnut, Unit A-4 Secretary; Mr. FNU Mahomes, Unit A-4 Manager, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____) | C/A No. 0:07-1786-MBS-BM<br><br><br><br><br>**O R D E R** |

Plaintiff Ervan Harvey, Jr. is an inmate in the custody of the Federal Bureau of Prisons. At the time of the underlying complaint, Plaintiff was housed at FCI-Edgefield in Edgefield, South Carolina. Plaintiff, proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), asserting that Defendant Chestnut gave Plaintiff's legal mail to a different inmate. Plaintiff contends that his life was placed in danger because the legal mail contained information regarding Plaintiff's cooperation with the government regarding a murder trial. Plaintiff further contends that Defendant Mahomes then confiscated his legal mail and turned it over to another officer for investigative purposes. Plaintiff asserts that his rights were violated under the Eighth and Fourteenth Amendments.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A. On August 16, 2007, the Magistrate Judge filed a Report and Recommendation in which he recommended that the

case be summarily dismissed. Plaintiff filed objections to the Report and Recommendation on September 5, 2007. Plaintiff also filed a motion to amend his complaint on September 6, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

With respect to Defendant Chestnut, the Magistrate Judge noted that the Eighth Amendment protects inmates from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). The Magistrate Judge determined that Defendant Chestnut's actions appeared to be merely negligent. The Magistrate Judge thus recommended that Plaintiff's claims against Defendant Chestnut be dismissed because mere negligence does not present a constitutional deprivation. See Whitley v. Albers, 475 U.S. 312, 319 (1986). With respect to Defendant Mahomes, the Magistrate Judge also found that Plaintiff's allegations sounded in negligence and thus failed to present a cognizable constitutional claim. Further, the Magistrate Judge determined that Plaintiff had a meaningful post-deprivation remedy; thus, he suffered no violation of his due process rights under the Fourteenth Amendment. See Hudson v. Palmer, 468 U.S. 517 (1984). The Magistrate Judge further determined that Defendant LaManna had merely been named

in his supervisory capacity, and therefore was not liable for constitutional injuries inflicted by his subordinates. See Shaw v. Stroud, 13 F.3d 701, 798 (4th Cir. 1994).

Plaintiff's objections do not direct the court to a specific error in the Report and Recommendation. However, Plaintiff's objections and his subsequent motion to amend the complaint reframe the allegations of the complaint to more specifically allege deliberate indifference on the part of Defendant Chestnut, a Sixth Amendment "access to court" claim against Defendant Mahomes, and grounds for supervisory liability as to Defendant LaManna.

A party is entitled to amend his complaint once as a matter of course before being served with a responsive pleadings. Fed. R. Civ. P. 15(a)(1). Plaintiff's motion to amend (Entry 25) is **granted**. Based upon the amended allegations, the court declines to adopt the Report and Recommendation. The matter is recommitted to the Magistrate Judge for further pretrial handling.

Plaintiff also filed a motion to stay (Entry 27) and motion to proceed (Entry 32). These motions are **denied as moot**. In addition, Plaintiff filed a motion to appoint counsel (Entry 18). For the reasons stated by the Magistrate Judge in his order filed August 16, 2007 (Entry 12), Plaintiff's motion to appoint counsel is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

February 12, 2008

Columbia, South Carolina

3